CROWN RICHARDSON v. AMERICAN COTTON MILLS.

(Filed 25 November, 1925.)

APPEAL by defendant from *Francis D. Winston, Emergency Judge,* June Special Term, 1925, of GASTON. No error.

*Henry L. Kyser and S. J. Durham for plaintiff.*
*Garland & Austin for defendant.*

PER CURIAM. This case was here before and a new trial granted defendant. *Richardson v. Cotton Mills,* 189 N. C., p. 653. The principles of law applicable were clearly set forth in that case. From a careful perusal of the record, the judge below followed the law as laid down in the former case. The court, following the decision, defined "licensee"

FINANCE CO. *v.* BALLARD.

and "fellow-servant," explained the distinction between the two and definitely instructed the jury as to the facts upon which Lainer would be deemed a licensee and as to those upon which he would be deemed a fellow-servant. The court below laid down the long established rule: "It is the duty of the master, in the exercise of ordinary or reasonable care, to furnish or provide his servant a reasonably safe and suitable place in which to work. This duty is primary and nondelegable." *Barnes v. Utility Co., ante,* 387; *Riggs v. Empire Mfg. Co., ante,* 256; *Thomas v. Lawrence,* 189 N. C., 521. The failure of the master in this duty, if the proximate cause of the injury, was properly presented to the jury.

We can find no prejudicial or reversible error in the record. Plaintiff recovered in the first action and a new trial was granted defendant for errors in law. In the present trial the court below followed the opinion heretofore written. The questions of fact were found against the defendant—this was in the province of the jury.

We can find

No error.